Charles Carrol, Plaintiff in Error, v. Joseph Joerms, Defendant in Error.

Gen. No. 15,291.

INSTRUCTIONS—*when upon doctrine of fellow-servants not erroneous.* Where the evidence tended to sustain the defense of fellow-servants, instructions upon the law of that subject are proper even though they do not specifically refer to the theory of the plaintiff that the servant in question was a vice-principal.

Action in case for personal injuries.   Error to the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.   Heard in this court at the March term, 1909.   Affirmed.   Opinion filed October 20, 1910.

B. J. Wellman, for plaintiff in error.

C. E. Cruikshank, for defendant in error.

Mr. Presiding Justice Freeman delivered the opinion of the court.

This is an appeal from a judgment in favor of the defendant in an action by plaintiff to recover for personal injury. Plaintiff was injured by falling from a scaffold which was set up by himself and a fellow employe. He bases his claim to recover upon an assertion that the fellow employe was acting in the capacity of foreman and in that capacity gave him the directions or orders in accordance with which the scaffold was set up. The only testimony or evidence upon which the claim rests that this fellow employe—one Ebert— was acting as foreman or vice principal is that of plaintiff himself. The evidence to the contrary preponderates in favor of the defendant, and sufficiently justified the verdict of the jury upon the question of fact finding defendant not guilty.

The alleged errors of the court relied upon as ground to reverse the judgment are in two of the instructions given in behalf of defendant. These instructions were in substance that when the duties of the plaintiff and other laborers with him are such as to bring them into habitual association so that they might exercise a mutual influence upon each other promotive of care and caution, they are fellow servants; and that if the jury believed from the evidence that the fellow employe Ebert was a fellow servant of the plaintiff and that the injuries alleged resulted from the negligence of a fellow servant directly co-operating with plaintiff in the particular business in hand at the time of the accident, and that their respective duties were such as brought them into such habitual association that they might exercise upon each other an influence promotive of proper caution, no recovery could be had. The objection to the instructions is not that they do not correctly state the law so far as they go, but that the court "overlooked the fact that the question of vice principal entered into the case; that a foreman and journeyman asso-

ciate together and directly co-operate in the particular business in hand, but still they are not fellow servants, because one exercises control and authority over the other." Whether or not in the case at bar plaintiff and Ebert were fellow servants was a question of fact which by these instructions was submitted to the jury upon the evidence. The defendant was entitled to have the cause so submitted with instructions based upon his own contention as to what the evidence tended to show. No instructions were requested upon the theory that Ebert was a vice principal. In the case of Yarber v. Chicago and Alton Ry. Co., 235 Ill. 589–596, there was no question but that Fielder, who gave the plaintiff directions to go into the place where he was injured, was plaintiff's foreman and that he gave plaintiff such order in his capacity as vice principal. In the case at bar the issue was presented whether Ebert was in fact a vice principal, and the finding of the jury on the question of fact is adverse to plaintiff's contention.

Finding no material error in the record the judgment of the Superior Court must be affirmed.

*Affirmed.*